Jeffrey J. Hepworth, ISB No. 3455
J. Grady Hepworth, ISB No. 10364
HEPWORTH LAW OFFICES
2229 W. State Street
P.O. Box 2815
Boise, ID 83701-2815
Telephone: (208) 333-0702
Facsimile: (208) 246-8655
courtservice@idalawyer.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CLIFF ROBINSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BODILY RV, INC. d/b/a CAMPING WORLD RV SALES, a/k/a CAMPING WORLD OF MERIDIAN,<br><br>Defendants. | Case No.<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW, the Plaintiff, Cliff Robinson ("Robinson"), by and through his counsel of

record, Hepworth Law Offices, for causes of action arising from the wrongful termination of Mr.

Robinson from Bodily RV, Inc. D/B/A Camping World RV Sales, A/K/A Camping World Of

Meridian (hereinafter "Camping World") because of his race in violation of Title VII of the Civil

Rights Act, 42 U.S.C. § 2000e-2 *et seq.*, and/or alternatively on the basis of Age in violation of the

federal Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*

Camping World's conduct is also a violation of the Idaho Human Rights Act ("IHRA"), I.C. § 67–

COMPLAINT AND DEMAND FOR JURY TRIAL
 - 1

5909 *et seq.*

## I.   PARTIES, JURISDICTION, AND VENUE

1.        Cliff Robinson is a United States citizen, born on December 27,1973. At all material times,

Mr. Robinson resides in the City of Boise, County of Ada, State of Idaho. Mr. Robinson is a member

of a protected class under Title VII and the Idaho Human Rights Act as an African-American

minority employee, as well as under the ADEA and Idaho Human Rights Act as an employee

between the ages of 40 and 70.

2.        Bodily RV, Inc. is an Idaho corporation registered and doing business as "Camping World RV

Sales" with a principal place of business located 1580 W. Overland Road, Meridian, ID 83642.

Defendants are believed to own RV dealerships located at 5500 Cleveland Blvd. Caldwell, Idaho

83607 and 1580 W. Overland Rd. Meridian, ID 83642.

3.        This Court has jurisdiction pursuant to 28 U.S.C. § 1331. The Plaintiff asserts federal subject

matter jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-2 *et seq*.,

and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq.

4.        This Court has supplemental jurisdiction of the state law claims under the Idaho Human

Rights Act, and tortious causes of action asserted herein pursuant to 23 U.S.C. § 1367.  The factual

basis of the state law claims brought under the Idaho Human Rights Act and tortious conduct are

identical to the operative facts underlying the federal claims.

5.        Venue is proper pursuant to 28 U.S.C § 1391 and 42 U.S.C. § 2000e-5(f)(3). The United

States District Court for the District of Idaho is the federal judicial district embracing Ada County,

Idaho, the county in which the defendant resides, where the unlawful employment practice was

committed, and where the employment records relevant to such practice are maintained and

administered.

COMPLAINT AND DEMAND FOR JURY TRIAL
 - 2

6.      Mr. Robinson filed a timely complaint with the Idaho Human Rights Commission ("IHRC") and the Equal Employment Opportunity Commission ("EEOC"). The IHRC/EEOC issued its Notice of Right to Sue on May 1, 2020. Less than ninety-days has elapsed since both agencies issued the Notices of Right to Sue, and Mr. Robinson has exhausted all administrative remedies under law.

## II.  GENERAL ALLEGATIONS

7.      Cliff Robinson was hired by Camping World in approximately April 2017, after Camping World purchased the business Nelsons RVs, Inc. Cliff had worked for Nelsons RVs for approximately twelve years and served as the General Manager of the Caldwell location at the time Camping World acquired the business. During Cliff's tenure as General Manager of the Caldwell location, the dealership consistently exceeded sales expectations. Cliff received superior employment reviews based on the dealership's performance and his management skills.

8.      After Camping World acquired Nelsons RVs, Cliff was primarily supervised by Camping World's Regional Vice President, Loy Howard ("Loy"). Loy exhibited bias and discrimination against Cliff's age and race throughout Cliff's employment with Camping World. Loy is Caucasian and believed to be significantly younger than Cliff.

9.      Loy first demonstrated racially-motivated employment actions against Cliff, when for the first time in Cliff's career, he was asked by Loy to attend a prospective employee interview at the Meridian location (despite the fact Cliff was still serving as General Manager of the Caldwell location). When Cliff arrived, he learned that he had been invited to attend the interview only because the candidate was a young, black African American. Cliff was not asked to attend interviews for white candidates.

10.     In February 2018, Cliff Robinson accepted a transfer to serve as the Sales Manager at the Camping World in Meridian, located at 1580 W. Overland Road, Meridian, ID 83642. As Sales

COMPLAINT AND DEMAND FOR JURY TRIAL

Manager at the Meridian location, Cliff was responsible for 16-18 Sales Associates. Cliff worked with two other Sales Managers, as well as an Internet Manager. Cliff was the only racial minority among the Management team.

11.    Throughout the months following Cliff's transfer to the Meridian location, Cliff and the sales associates he oversaw experienced significant growth and high sales numbers. The Meridian location earned the "Big Dog" award every month Cliff was there, which is given to dealerships that meet the corporate "high volume" standard of 125 units sold.

12.    Cliff personally experienced extremely strong sales numbers. Of particular note, Cliff's sales numbers were among the strongest in terms of both volume (number of sales) as well as sales margin (price value per sale). Cliff attributes his success to his experience, sales skills, work ethic, as well as his knowledge of the sales products. However, Loy continually questioned whether Cliff was somehow cheating or "passing deals" in order to achieve his margins. Loy singled Cliff out specifically, and did not question other young, white, GMs and Sales Managers. Loy's targeted behavior is direct evidence of disparate treatment on the basis of both age and race.

13.    Camping World heavily emphasizes hiring young employees. Camping World launched the C.A.M.P Apprenticeship program, which was designed to attract young entrepreneurs and recent graduates. The majority of new hires for the company in 2018 were under the age of thirty. Cliff Robinson was among the eldest employees at Camping World. The only other employee at the Meridian location's Sales Department that was older than Cliff was General Manager Ron Baker, who was approximately in in his fifties.

14.    On or about April 5, 2018, Loy Howard told Cliff "I don't plan on working here for another ten years" and asked Cliff how old he was. Cliff understood the question to be related to future promotions and leadership succession planning. Cliff told him that he was forty-four (44) years-old.

COMPLAINT AND DEMAND FOR JURY TRIAL

Loy responded with a nonverbal negative look on his face and appeared to be disturbed to learn that Cliff was among the oldest employees at the location.

15.     In Summer 2018, Camping World commenced a company-wide sales promotion to clear 2018 inventory. Cliff, along with the other Sales Managers, were responsible for supervising the junior sales associates to ensure they were following up with potential customers. However, Loy approached Cliff specifically and told him to mentor Cameron Hartsfield, who was the lone black sales associate at the company. The only apparent reason for Loy's comments were that both Cliff and Cameron were black.

16.     During this time, Loy also began encouraging Cliff to pursue sales positions with Camping World dealerships located in more urban locations, such as locations in the Mid-West or on the East Coast. Loy expressed his belief that making such a move could "improve" Cliff's already stellar sales numbers—the inference being that Cliff could be even more successful in a more racially diverse location. Cliff expressed that he was content in Idaho where his family resided and where he maintained excellent sales numbers. Loy's comments are indicative of racial bias.

17.     At approximately the end of June 2018, Camping World fired General Manager Ron Baker, the only other employee in the Sales Department older than Cliff. Camping World hired Jake Rasmussen to replace Ron Baker as General Manager. Jake is believed to be in his thirties and is significantly younger than both his predecessor and Cliff. The termination, only a couple months prior to Cliff's termination, is proof of a greater pattern of age discrimination in the company.

18.     On September 18, 2018, Cliff was called into a meeting by Loy and General Manager Jake Rasmussen. Cliff was informed that he was being fired. Cliff asked why he was being terminated, but Camping World refused to give a reason. Cliff then asked what he could have improved on, and Loy responded "Everything." Cliff asked, "Everything?" Loy finally responded, "More important

COMPLAINT AND DEMAND FOR JURY TRIAL

than anything, *boy*, you need to be humbled." Robinson contends the use of the racially derogatory

term "boy" is direct evidence of race discrimination and motivation.

19.     Camping World replaced Cliff with a younger employee, which is direct evidence of age

discrimination. Upon information and belief, the younger employee is also white/Caucasian.

20.     As a result of Camping World's discrimination, Cliff Robinson has been damaged, including

past lost wages, future lost wages, and emotional distress to be proven at trial.

### III. CAUSES OF ACTION

#### *Racial Discrimination in Violation of Title VII of the Civil Rights Act*

21.     Mr. Robinson realleges and incorporates by reference all paragraphs set forth above.

22.     Title VII, 42 U.S.C. § 2000e-2, prohibits employment practices that discriminate against

persons on the basis of their race.

23.     Mr. Robinson was a protected employee as a minority African-American.

24.     Mr. Robinson was subjected to disparate treatment and adverse employment actions because

of his race.

25.     Defendants terminated Mr. Robinson because of his race.

26.     As a direct and proximate result of the discrimination, Mr. Robinson sustained, and will

continue to sustain economic and emotional injuries resulting in damages in an amount to be proven

at trial.

27.     Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless

disregard to Mr. Robinson's right to be free from discrimination on the basis of race.

28.     As a direct, legal and proximate result of Defendant's retaliation, Mr. Robinson sustained,

and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to

be proven at trial.

COMPLAINT AND DEMAND FOR JURY TRIAL
 - 6

29.     Mr. Robinson is entitled to reasonable attorneys' fees, expert fees, and costs of suit.

### *Age Discrimination in Violation of the ADEA*

30.     Mr. Robinson realleges and incorporates by reference all paragraphs set forth above.

31.     Mr. Robinson is currently forty-six years old (forty-four at the time of his wrongful termination), and therefore is an individual over the age of forty years of age protected under the ADEA.

32.     Mr. Robinson was the subject of countless age-related and discriminatory remarks from his supervisors while employed at Camping World.

33.     Camping World was engaged in an overt marketing campaign and business model to hire younger workers. Part of the business model relied on pushing out or terminating older workers.

34.     Mr. Robinson was terminated because of his age.

35.     Mr. Robinson was replaced by a younger worker.

36.     As a direct, legal and proximate result of Defendant's retaliation, Mr. Robinson sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

37.     Mr. Robinson is entitled to reasonable attorneys' fees, expert fees, and costs of suit.

### *Race and Age Discrimination in Violation of the IHRA*

38.     Mr. Robinson realleges and incorporates by reference all paragraphs set forth above.

39.     The IHRA prohibits employers from discriminating because of race, color, or age.

40.     Mr. Robinson was a protected employee as a minority African-American, who was also over the age of forty.

41.     Mr. Robinson was subjected to disparate treatment and adverse employment actions because of his race and/or age.

COMPLAINT AND DEMAND FOR JURY TRIAL

42.     Defendants terminated Mr. Robinson because of his race and/or age.

43.     As a direct, legal and proximate result of Defendant's retaliation, Mr. Robinson sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

44.     Mr. Robinson is entitled to reasonable attorneys' fees, expert fees, and costs of suit.

## IV. ATTORNEY FEES

45.     Mr. Cliff Robinson has been required to obtain an attorney for purposes of prosecution of this action and is therefore entitled to recover reasonable attorney fees against Camping World pursuant to 42 U.S.C. § 1988, 29 U.S.C. § 626, I.C. § 12-120, and relevant state and federal law. Reasonable attorney's fees are $400 per hour for all time spent by Hepworth Law Offices.

## V.  DEMAND FOR TRIAL BY JURY

46.     Mr. Robinson demands a trial by jury on all issues pursuant to Fed. R. of Civ. P. 38, U.S. Const. Amendment VII, and Idaho Const. Art. I, § 7.

## VI. PRAYER FOR RELIEF

WHEREFORE, Cliff Robinson respectfully prays for judgment against the Defendant as follows:

   a)     For money judgment against Defendants as compensation for all past and future lost income and other special and general damages, including lost wages (past and future), lost retirement benefits, lost medical benefits, and other damages sustained by Mr. Robinson, which will be proven at trial;

   b)     Money judgment for emotional distress and general damages for pain, suffering, and loss of enjoyment of life;

   c)     For reinstatement to a position the same or equivalent to his previous position, and inclusive of planned or anticipated promotions and pay raises;

COMPLAINT AND DEMAND FOR JURY TRIAL

d)      In the event it is determined Camping World's violations were willful, punitive

damages in an amount to be determined at trial and as allowed by law;

e)      For all reasonable court costs, attorney's fees, and expert fees incurred by Mr.

Robinson in prosecution of the present action pursuant to Federal law and the laws of the

State of Idaho;

f)      For such other and further relief as the Court deems just and equitable.

DATED this 29th day of May, 2020.

HEPWORTH LAW OFFICES

By  /s/  *J. Grady Hepworth*
        Jeffrey J. Hepworth
        J. Grady Hepworth
        *Attorneys for Plaintiff*

COMPLAINT AND DEMAND FOR JURY TRIAL
 - 9