UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CLIFF ROBINSON,<br><br>        Plaintiff,<br><br>    v.<br><br>BODILY RV, INC. d/b/a CAMPING WORLD RV SALES,<br><br>        Defendant. | Case No. 1:20-cv-00255-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Bodily RV, Inc's Motion to Dismiss and to Compel Arbitration, or in the Alternative Stay Proceedings Pending Arbitration. Dkt. 4. For the reasons that follow, the Court will grant the motion and dismiss this case.

## BACKGROUND

Plaintiff Cliff Robinson worked for Bodily RV, Inc. d/b/a Camping World RV Sales from April 2017 to September 2018, when he was fired. *Compl.*, Dkt. 1 at 2-3, 5. Robinson maintains that he was discriminated against throughout his employment and was fired because of his race and age. *Id.* at 6-8.

Robinson filed a timely complaint with the Idaho Human Rights Commission (IHRC) and the Equal Employment Opportunity Commission

(EEOC). *Id.* at 3. Robinson and Camping World's attorneys discussed mediation over several emails and telephone calls between December 2018 and December 2019, but the parties did not end up mediating the claims. *Pl. Resp.*, Dkt. 7 at 2-3. S*ee generally Pl. Resp. Ex. B-G*, Dkt. 7-4 to 7-9. The agencies issued a Notice of Right to Sue on May 1, 2020. *Compl.*, Dkt. 1 at 3.

Robinson filed a complaint on May 29, 2020 alleging (1) racial discrimination in violation of Title VII of the Civil Rights Act, (2) age discrimination in violation of the Age Discrimination in Employment Act (ADEA), and (3) race and age discrimination in violation of the Idaho Human Rights Act (IHRA). *Id.* at 6-8. Camping World then filed a motion to dismiss Robinson's claims and compel him to arbitration pursuant to an Arbitration Agreement signed by Robinson in April 2017. *Def. Motion*, Dkt. 4.

The Agreement signed by Robinson requires that the parties submit to arbitration for all claims or disputes governed by the agreement, expressly including Title VII claims, ADEA claims, and any other state laws relating to discrimination. *Quinol Decl. Ex. 1*, Dkt. 4-1 at 5. The Agreement states that the Associate (Robinson) knowingly and voluntarily waives his right to trial by jury. *Id.* at 6. Further, the Agreement provides that "[t]he parties expressly agree that the Federal Arbitration Act shall govern this Agreement." *Id.*

## LEGAL STANDARD

A party aggrieved by another's failure to submit a dispute to arbitration instead of proceeding in court may petition the court for an order compelling the parties to submit to arbitration. 9 U.S.C. § 4. There is a "liberal federal policy favoring arbitration," and "questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). Any doubts about the scope of arbitrable issues are to be resolved in favor of arbitration, *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 626 (1985), and the party seeking to avoid arbitration has the burden of establishing that Congress intended to preclude arbitration, *Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 91–92 (2000).

The Federal Arbitration Act provides that agreements to arbitrate are generally valid and enforceable unless grounds for revoking the agreement exist in law or equity. 9 U.S.C. § 2; *Perry v. Thomas*, 482 U.S. 483, 490 (1987). Whether there is a legal or equitable reason for revoking the agreement is a matter of state contract law. *Circuit City Stores, Inc. v. Adams*, 279 F.3d 889, 892 (9th Cir. 2002). Federal courts determining the validity of an agreement to arbitrate should apply ordinary state-law principles that govern the formation of contracts; thus, general contract defenses such as fraud, duress, or unconscionability, grounded in state

contract law, may operate to invalidate arbitration agreements. *Id.*

Turning to the more specific legal standard governing this motion, a summary judgment standard applies because the parties dispute the validity of the arbitration agreement, and, further, they have submitted documents outside the pleadings which the Court must consider to rule on the motion. *See generally Cherdak v. ACT, Inc.*, 437 F. Supp. 3d 442, 454 (D. Md. 2020) ("'motions to compel arbitration exist in the nether world between a motion to dismiss and a motion for summary judgment.'") (citations omitted). Federal courts have applied a summary judgment standard to motions to compel arbitration,[1] and the Ninth Circuit, for its part, has recognized that "denial of a motion to compel arbitration has the same effect as a grant of partial summary judgment denying arbitration." *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008).

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court's role at summary judgment is not "to weigh the evidence and determine the truth of the matter but to determine whether there is

---

[1] *See, e.g., Bensadoun v. Jobe–Riat*, 316 F.3d 171, 175 (2d Cir.2003); *Brown v. Dorsey & Whitney, LLP*, 267 F.Supp.2d 61, 67 (D.D.C.2003); *SBP LLLP v. Hoffman Constr. Co. of Am.*, No. 1:19-cv-00266-DCN, 2019 WL 70406011, at *2 (D. Idaho Dec. 20, 2019) ("however the original motion was formally styled, a motion to compel arbitration is decided according to the standard similar to the one used by the district courts in resolving summary judgment motions pursuant to Federal Rule of Civil Procedure 56").

a genuine issue for trial." *Zetwick v. Cty. of Yolo*, 850 F.3d 436, 441 (9th Cir. 2017) (citation omitted). In considering a motion for summary judgment, the Court must "view[ ] the facts in the non-moving party's favor." *Id.* To defeat a motion for summary judgment, the respondent need only present evidence upon which "a reasonable juror drawing all inferences in favor of the respondent could return a verdict in [his or her] favor." *Id.* (citation omitted).

The Court must enter summary judgment if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The respondent cannot simply rely on an unsworn affidavit or the pleadings to defeat a motion for summary judgment; rather the respondent must set forth the "specific facts," supported by evidence, with "reasonable particularity" that precludes summary judgment. *Far Out Productions, Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001).

## ANALYSIS

Camping World contends that Robinson's claims are governed by the Arbitration Agreement signed by Robinson and requests an order dismissing Robinson's claims and compelling him to arbitration. Robinson claims, however, that Camping World breached the agreement by failing to engage in the mediation process before requesting arbitration.  Based on the undisputed facts before it, the

Court concludes that Camping World did not breach the agreement, that Camping

World has not waived its right to arbitrate Robinson's claims, and that the

Agreement is valid and enforceable. Accordingly, the Court will grant Camping

World's motion.

### A. Camping World did not breach the Agreement by failing to engage in timely mediation.

The Agreement itself does not make mediation mandatory prior to

arbitration. The Agreement merely provides that disputes "*may* be heard by a

neutral mediator . . .; and that if mediation . . . is unsuccessful, the claim or dispute

*shall* be submitted to arbitration." *Quinol Decl. Ex. 1*, Dkt. 4-1 at 5 (emphasis

added).

Moreover, the Agreement specifically incorporates by reference Camping

World's *Rules for the 3-Step Resolution to Associate Issues*. *Id.* at 6-7. These rules

state: "If either the associate or the Company chooses not to participate in the

mediation process, and either party wishes to go further, then either may proceed to

Step 3 – Arbitration which takes the place of any court proceeding." *Quinol Decl.

Ex. 2*, Dkt. 4-1 at 15. Given these terms, Camping World did not breach the

agreement by failing to engage in the mediation process prior to Robinson filing

the complaint.

**B.      Camping World has not waived its right to arbitrate Robinson's claims.**

Likewise, Camping World has not waived its right to arbitrate Robinson's claims. "Waiver of a contractual right to arbitration is not favored[,]" and an "examination of whether the right to compel arbitration has been waived must be conducted in light of the strong federal policy favoring enforcement of arbitration agreements." *Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 694 (9th Cir. 1986) (citations omitted).

Robinson "bears a heavy burden of proof" in seeking to prove waiver of arbitration. *Britton v. Co-op Banking Grp.*, 916 F.2d 1405, 1412 (9th Cir. 1990). He must demonstrate: "(1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts." *Id.* A party acts inconsistently with an existing right to compel arbitration when it (1) intentionally decides not to move to compel arbitration, and (2) "actively litigates the merits of a case for a prolonged period of time in order to take advantage of being in court." *Newirth v. Aegis Senior Communities, LLC*, 931 F.3d 935, 941 (9th Cir. 2019).

Camping World has not acted inconsistently with its right to compel arbitration. The Arbitration Agreement specifically excluded from its scope any administrative charges of discrimination with the EEOC, or "any other government agency acting pursuant to federal or state law." *Quinol Decl. Ex. 1*, Dkt. 4-1 at 5-6.

Camping World's right to compel arbitration did not exist during the administrative proceedings Robinson initiated with the Idaho Human Rights Commission and the EEOC. Rather, the right to compel arbitration arose when Robinson filed a complaint in federal court, at which point Camping World filed a motion to compel arbitration less than 30 days later. Thus, Robinson has not met his burden of proving that Camping World waived its right to arbitrate.

### C.      The arbitration agreement is valid and enforceable.

Under Idaho law, a contract such as the Arbitration Agreement at issue here may only be voided as unconscionable if it is both procedurally and substantively unconscionable. *Lovey v. Regence BlueShield of Idaho*, 139 Idaho 37, 42 (2003). Because the Agreement signed by Robinson was neither, the Court concludes that the Agreement cannot be voided for unconscionability.

### 1.  The agreement is not procedurally unconscionable.

Procedural unconscionability arises when the contract did not result from free bargaining between the parties. *Id.* It is usually indicated by either a lack of voluntariness or a lack of knowledge. *Id.* One way a lack of voluntariness can be shown is through demonstrating that there was a great imbalance in bargaining power between the parties, "with the stronger party's terms being nonnegotiable and the weaker party being prevented by market factors, timing, or other pressures from being able to contract with another party on more favorable terms or to

refrain from contracting at all." *Id.* A lack of knowledge can be shown through the use of "inconspicuous print, ambiguous wording, or complex legalistic language," a lack of opportunity to study the contract, or a disparity in the knowledge and sophistication between the parties. *Id.*

However, the mere fact that there was no bargaining over terms in a contract cannot by itself render an agreement procedurally unconscionable. *Id.* "Adhesion contracts are a fact of modern life." *Id.* The Idaho Supreme Court noted in reference to adhesion contracts that "the legislature has expressly declared that public policy favors arbitration provisions in written contracts. If the legislature had intended to exempt certain types of contracts from the provisions of the Uniform Arbitration Act, it could have done so." *Hansen v. State Farm Mut. Auto. Ins. Co.*, 112 Idaho 663, 669-70 (1987) (citing Idaho Code § 7-901).

Though the Agreement at issue here was likely a contract of adhesion, there are no facts to suggest that market factors, timing, or any other pressures prevented Robinson from contracting with another employer on more favorable terms, or that he was required to contract with any party at all. Likewise, the Agreement was written in conspicuous print, was not ambiguously worded, and did not contain overly complex legalese. The three-page contract was clearly labeled "Arbitration Agreement" and each item was separately numbered. Moreover, Robinson does not argue that he requested, but was denied, an opportunity to review the

Agreement and inquire about its terms. *See Lovey*, 139 Idaho at 44 (finding no procedural unconscionability where the plaintiff did not review an insurance policy before applying, with the court noting that she did not request a copy of the policy and the insurance company was not obligated to give unsolicited advice about what the policy meant). Accordingly, the Court finds that the Agreement signed by Robinson is not procedurally unconscionable.

### 2.  The agreement is not substantively unconscionable.

The Agreement is also not substantively unconscionable. Substantive unconscionability focuses only on the terms of the contract at issue.  *Id.* at 42. The key question is whether the bargain is such that "no person in his or her senses and not under delusion would make on the one hand and that no honest and fair person would accept on the other." *Id.* The Court must consider whether the contract is "one-sided or oppressive," and look at the purpose and effect of the disputed terms, the needs of both parties and the commercial setting, and the reasonableness of terms. *Id.*

The Arbitration Agreement is neither one-sided nor oppressive. It equally applies to Camping World and Robinson. Camping World agreed to pay for all costs associated with arbitration, except for a $50 initiation fee paid by Robinson. Both parties have the same rights, including the right to be represented by an attorney, to make opening and closing statements, to present testimony and

introduce exhibits, and to cross-examine the other party's witnesses.

The Agreement explicitly states that Plaintiff voluntarily and knowingly waives his right to a jury trial, and then reiterates again in bold above the signature line that Plaintiff has read the agreement and understands the terms therein. Robinson cannot now argue that he did not knowingly waive his rights. *See Irwin Rogers Ins. Agency, Inc. v. Murphy*, 122 Idaho 270, 273 (1992) ("The rule in Idaho is well established that a party's failure to read a contract will not excuse his performance.")

A potential inability to enforce a pre-hearing subpoena is also insufficient to render the Agreement substantively unconscionable. The Ninth Circuit held in *CVS Health Corp. v. Vividus, LLC* that the Federal Arbitration Act does not give arbitrators the implicit authority to subpoena third party testimony or documents prior to a hearing, 878 F.3d 703, 708 (9th Cir. 2017).  However, the Circuit has compelled multiple cases to arbitration since *Vividus* was decided, indicating that this fact alone does not render an agreement unconscionable. *See, e.g.*, *Ridgeway v. Nabors Completion & Prod. Servs.*, 725 F. App'x 472 (9th Cir. 2018). Moreover, Robinson had notice that the Agreement and the *Rules for the 3-Step Resolution to Associate Issues* provided that the arbitration will be conducted in accordance with American Arbitration Association standards. The AAA standards allow for the

arbitrator to determine how discovery will be conducted.[2]

Thus, the Court concludes that the agreement is neither procedurally nor substantively unconscionable and is enforceable against Robinson.

### D. The Court will dismiss the case and compel arbitration.

Where parties enter into an enforceable arbitration agreement, the Federal Arbitration Act requires the Court to stay proceedings pending arbitration. 9 U.S.C. § 3. The Ninth Circuit has held, however, that, "notwithstanding the language of § 3, a district court may either stay the action *or* dismiss it outright when, as here, the court determines that all of the claims raised in the action are subject to arbitration." *Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1074 (9th Cir. 2014) (emphasis added) (citing *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988)).

Because the Arbitration Agreement is valid and enforceable, and because it covers all of Robinson's claims, the Court will dismiss the case with prejudice and compel the parties to arbitration. *See Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 86 (2000) (The district court's dismissal with prejudice and ordering of the dispute to be resolved by arbitration "plainly disposed of the entire case on

---

[2] *See National Rules for the Resolution of Employment DISPUTES (Including Mediation and Arbitration Rules)*, ADR.ORG (Jan. 1, 2004), https://www.adr.org/sites/default/files/National%20Rules%20for%20the%20Resolution%20of%20Employment%20Disputes%20Jan%2001%2C%202004.pdf.

the merits and left no part of it pending before the court.").

## ORDER

**IT IS ORDERED that** Defendant's Motion to Dismiss and to Compel

Arbitration (Dkt. 4) is **GRANTED**. The claims asserted by Robinson must be

submitted to arbitration. This matter is therefore is **DISMISSED WITH**

**PREJUDICE.**

DATED: November 2, 2020

B. Lynn Winmill
U.S. District Court Judge